87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David W. KENNY, Plaintiff-Appellant,
v.
George FOSTER, Lt.; B.E. Arbsland; M. Barton; H. Morse;
M. Fenoglio, Defendants-Appellees.
 No. 95-15234.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR. and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner David Matthew Kenny appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action seeking damages for violations of his constitutional rights while he was a pretrial detainee at the Santa Cruz County jail. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, viewing the evidence in the light most favorable to Kenny. See White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990). We affirm.
 
 
 3
 * Background
 
 
 4
 Kenny was arrested on September 5, 1989 in Santa Cruz, California, and charged with burglary. He was in custody at the Santa Cruz County jail until January 8, 1990, when the charge was dismissed. Kenny exercised his right to represent himself in the criminal proceedings.
 
 
 5
 Kenny's behavior at the jail was disruptive. He was written up for rule violations fifteen times. On November 8, 1989, he was written up for disrupting his housing unit and challenging defendant Kemper to a fight. For these offenses, he was placed in disciplinary segregation for 48 hours. Upon his release from segregation, he refused to be housed in his assigned cell, stating that he did not want to be housed with "niggers." He threatened jail officers with a coffee-pot full of hot water, and threw his lunch back at the officer who had served him. Based on this behavior, jail officials concluded that Kenny was a potential threat to the safety of other inmates and staff, reclassified him as violent/assaultive, and housed him in administrative segregation, where he remained for approximately five weeks.
 
 
 6
 On December 1, while still in administrative segregation, Kenny demanded that a black inmate be removed from the housing unit, threatening that things "would start to happen." He threw cleanser into a black inmate's cell and "trashed" the day room by throwing garbage in it and flooding it. These incidents were written up and minor disciplinary measures were recommended, but were not imposed. Jail staff moved Kenny to another dorm in administrative segregation. On December 4, Kenny flooded his cell. Jail officials turned off the water supply to Kenny's toilet; Kenny threatened to throw feces at them. Later that day, Kenny flooded his cell again. Officials removed Kenny from his cell and placed him in a holding room, where he protested loudly and banged on the windows. Jail officials then handcuffed him and placed him in a "quiet room" without a sink or toilet. Kenny freed himself from his handcuffs and used them to pound on the door. At that point the jail officials shackled him to the floor grate for two hours.
 
 
 7
 Kenny filed this civil rights action against twelve jail officials, alleging that they denied him adequate access to a law library, placed him in administrative segregation without due process, and used excessive force against him.
 
 II
 Discussion
 A. Inadequate access to law library
 
 8
 Kenny contends his constitutional rights were violated because he was denied access to the law library on several occasions between November 21 and December 14, when he was preparing for trial on the burglary charge. The district judge properly treated these allegations as a claim of denial of the right to self-representation guaranteed by the Sixth Amendment. See Taylor v. List, 880 F.2d 1040, 1047 (9th Cir.1989); Milton v. Morris, 767 F.2d 1443, 1445 (9th Cir.1985).
 
 
 9
 A defendant exercising his right to represent himself must be allowed a meaningful opportunity to prepare a defense, which requires access to law books, witnesses, or other tools to prepare a defense. Milton, 767 F.2d at 1446. "The right of access is not unlimited, but must be balanced against the legitimate security needs or resource constraints of the prison." United States v. Sarno, 73 F.3d 1470, 1491 (9th Cir.1995).
 
 
 10
 Here, Kenny failed to offer evidence that he was denied a meaningful opportunity to prepare his defense. He alleged that restricted access to the library forced him to waive his right to a speedy trial, which in turn resulted in longer pretrial detention. The record indicates, however, that Kenny waived his right to a speedy trial five times, four of them prior to the period of alleged deprivation. Although his library access was suspended from December 1 to December 4, Kenny was allowed access on other dates. In addition, pursuant to a Municipal Court order, he received assistance from an investigator, who was ordered to provide Kenny with legal materials, and Kenny was given supplies for preparing pleadings and access to a telephone. Kenny filed motions for pretrial discovery, production of witnesses, and trial continuances, as well as a habeas petition on December 7, challenging the limitation of library access. The burglary charge was ultimately dismissed. Viewed in the light most favorable to Kenny, the evidence does not raise a triable issue on the claim that he was denied the right to self-representation. See id.
 
 
 11
 B. Segregation and Discipline Without a Hearing
 
 
 12
 Kenny contends that jail officials deprived him of due process by placing him in disciplinary segregation for 48 hours and in administrative segregation for approximately five weeks without prior notice and a hearing. The district court concluded that defendants are entitled to qualified immunity on this claim. We agree.
 
 
 13
 Law enforcement officers who raise a defense of qualified immunity in a civil rights action should prevail if, at the time of the challenged action, the right asserted by the plaintiff was not "clearly established" or an officer could have reasonably believed that his conduct was lawful. Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir.1991). The plaintiff bears the burden of showing that the right in question was clearly established. Id.
 
 
 14
 In 1989, when the events underlying this action occurred, it was clearly established that the right to due process guaranteed by the Fourteenth Amendment precludes punishment of a pretrial detainee. Bell v. Wolfish, 441 U.S. 520, 535 (1979). It was also clear that jail officials may impose appropriate restraints and restrictions on detainees for the legitimate purpose of maintaining jail security and order. See id. at 540; see also Block v. Rutherford, 468 U.S. 576, 589 (1984) (jail policy prohibiting contact visits not unconstitutional where policy was based on legitimate safety concerns).
 
 
 15
 Here, appellees contend that they placed Kenny in administration segregation as a security measure in response to several instances of threatening and assaultive behavior, action that is constitutionally permissible under Bell. They contend further that neither due process nor their own regulations required a hearing before placing Kenny in administrative segregation. Kenny argues that placement in ad seg is in effect punishment, because the conditions are almost the same as conditions in disciplinary segregation.
 
 
 16
 Resolution of the issue is unnecessary because, whether Kenny was segregated to protect staff and other inmates or because he violated jail rules, it was not clearly established that a prior hearing was required. This court recently held for the first time that a "pretrial detainees may be subjected to disciplinary segregation only with a due process hearing to determine whether they have in fact violated any rule." Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir.1996) (footnote omitted); see also Zarnes v. Rhodes, 64 F.3d 285, 291 & n. 5 (7th Cir.1995) (segregation of detainee without a hearing did not violate due process where it was done for legitimate security reasons, and declining to hold that every placement in ad seg of pretrial detainee constitutes punishment). Because it was not clearly established that a pretrial detainee had a right to a hearing before he could be placed in disciplinary or administrative segregation, appellees are entitled to qualified immunity on this claim. See Mitchell, 75 F.3d at 524. The other instances of minor discipline imposed on Kenny, such as suspension of commissary privileges, do not rise to a level that implicates constitutional protections. See Bell, 441 U.S. at 539 n. 21. Accordingly, the district court properly granted summary judgment on the basis of qualified immunity. See Romero, 931 F.2d at 627.
 
 C. Excessive Force
 
 17
 Kenny contends that jail officials violated his constitutional rights by kicking and kneeing him while shackling him to a grate in the floor, and by keeping him there for two hours without access to a proper toilet.
 
 
 18
 The Due Process Clause of the Fourteenth Amendment prohibits the use of excessive force against pretrial detainees. Bell, 441 U.S. at 535 n. 16; White v. Roper, 901 F.2d 1501, 1507 (9th Cir.1990). It also prohibits depriving detainees of basic human needs, including sanitation. Anderson v. County of Kern, 45 F.3d 1310, 1312-13 (9th Cir.), amended, 75 F.2d 448, cert. denied, 116 S.Ct. 306 (1995). Deprivation of sinks and toilets "for short periods of time during violent episodes is constitutionally justifiable." Id. at 1314.
 
 
 19
 Kenny made no attempt to refute the jail officials' showing that they shackled him to the floor grate only after lesser restraints proved ineffective to stop him from threatening staff, yelling, and banging on doors and windows. He did not allege that he was hurt or injured, or other facts sufficient to raise a genuine issue about whether the force used to restrain him was excessive in relation to his behavior. Accordingly, the district court properly granted summary judgment in favor of the defendants on these claims. See id.; White, 901 F.2d at 1507.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3